HIGINIO ROMERO, Petitioner and Appellant, *v.* BACARDÍ CORPORATION OF AMÉRICA, ETC., ET AL., Defendants and Appellees.

No. 9599. Argued February 10, 1948.—Decided May 7, 1948.

*José M. Valenlín Esteves* and *Gustavo L. Marrero Ledesma,* for appellant. *Charles R. Hartzell, Rafael O. Fernández,* and *José L. Novas,* for appellee Bacardí Corporation of América.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

This is a suit for injunction to abate a nuisance and for damages. The plaintiff-appellant in his complaint alleged that he holds a fisherman's license, issued by the Department of Agriculture and Commerce on September 3, 1940, and that pursuant thereto he established in the Martín Peña Channel his weirs, which he operates; that he pays fees to the People

of Puerto Rico for said weirs, for his fisherman and craft licenses, and also for his fishing tackle; that the fishing business used to yield him a monthly profit of about $500, but that in the last three years his fishing started to decrease in such a manner that for the last year it has been reduced by 97 per cent; that such a decrease was due to the fact that the defendant corporations Bacardí Corporation of América and Borinquen Associates, Inc.,[1] discharged the industrial waste from their rum distilleries through the sewers of the ward of Capetillo, Río Piedras, into the Martín Peña Channel, thereby killing the fish; that said business constituted his only means of support, wherefore he prayed for the issuance of a writ of injunction restraining the defendant-appellee from continuing to discharge its industrial waste through said sewers and, further, that it be adjudged to pay damages caused to him, amounting to $12,000, up to the time of the filing of the complaint, all this in accordance with § 277 of the Code of Civil Procedure of Puerto Rico.

The defendant answered and denied the essential averments of the complaint, and it set up, among others, the special defenses that it does not possess, operate, or control in any way, directly or otherwise, the sewer system referred to herein, and that said system is possessed and controlled by the Municipality of Río Piedras in its governmental capacity; that under § 1802 of the Civil Code of Puerto Rico, 1930 ed., any claim for damages based on facts which occurred over one year preceding the filing of the complaint in this case, that is, prior to June 2, 1943, has prescribed; and that the complaint does not state facts sufficient to constitute a cause of action.

The lower court dismissed the complaint, both as to the application for an injunction and as to the claim for damages, on the ground that the plaintiff had failed to show that he had a sufficient right to operate the business of commercial

---

[1] The case continued and was appealed only as to Bacardí Corporation of América.

fishing, since he did not comply with the provisions of the Act to regulate fishing in Puerto Rico, Act No. 83 of 1936, as amended by Act No. 82 of 1943. The question to be decided is confined to a determination of whether the plaintiff-appellant had a sufficient right to operate his fishing business.

 Act No. 83 of 1936, as amended by Act No. 82 of 1943, Laws of Puerto Rico, provides that:

"Section 6.—*Registration of Fishermen, Craft, and Fishing Tackle.*—No person may engage in and no craft or fishing tackle may be used in Puerto Rico *unless previously recorded in a register* which shall be kept for the purpose in the office of the captain of each port, or in any other office designated by the Commissioner of Agriculture and Commerce, in accordance with such rules as the Commissioner shall prescribe; *Provided,* That before having an entry made in the aforesaid register of any person or craft engaged in fishing, the corresponding license shall be obtained, on a written application to the captain of the port of the corresponding district, or to any other person duly authorized by the Commissioner of Agriculture and Commerce." (Italics ours.)

"Section 11.—*Validity of Licenses.*—All licenses mentioned in this Act shall be valid for one year, shall take effect on July 1 of each year, shall expire on June 30 of the following year, and shall be renewed annually upon payment of the corresponding fees."

Under the above-mentioned Act, for a person to be entitled to engage in commercial fishing in Puerto Rico, he must obtain a license through the payment of the fees specified in said Act and obtain, moreover, licenses for the use of craft or fishing tackle. Each of these licenses is different and authorizes the holder to engage in commercial fishing by means of a distinct method. For example, for the use of craft, a license must be obtained; but if the fishing business is operated through the use of a fishweir a different kind of license must be obtained.

In this case the plaintiff introduced in evidence several licenses issued by the Commissioner of Agriculture and Commerce, as follows: . . .

1. Three documents entitled "Fisherman's License" authorizing the plaintiff to fish for commercial purposes in waters of Puerto Rico during the fiscal years 1940–41, 1943–44, 1944–45.

2. Two documents entitled "License for Craft" authorizing the plaintiff to use a rowboat to fish for commercial purposes during the fiscal years 1940–41, 1943–44, 1944–45.

3. A document entitled "License for Fishing Apparatus" certifying that the plaintiff is the owner of a fishweir and that he has complied with the requirements of the law and authorizing him to operate the business of commercial fishing in waters of Puerto Rico with said apparatus during the fiscal year 1940–41.

4. He also introduced in evidence a letter from the Commissioner of Agriculture and Commerce, dated February 13, 1935, granting him a permit for the construction of a weir for fishing in the Martín Peña Channel. It clearly appears, that the plaintiff-appellant had no right whatever to operate the fishweir in the Martín Peña Channel after the year 1941, because the license he had obtained for such purpose expired on that year. As we have seen, and it is so provided by Act No. 82, *supra,* said license was valid only for one year. It was issued in 1940 and consequently, and under the very terms of the license, it expired on June 30, 1941. If the plaintiff continued operating said weir, he did so unlawfully after that year and he had no right to apply for an injunction. In this connection it is stated in 32 Corpus Juris, p. 83, § 67, that:

"A court of equity will not grant an injunction, the effect of which would be in aid of an act which if done would be criminal or illegal."

The complaint alleges that the damages claimed by the plaintiff were caused during the three years immediately preceding its filing. The complaint was filed on June 2, 1944, so that the years to which the plaintiff refers are those comprised between 1941 and 1944. And we have already

decided that during that time the plaintiff had no right whatsoever, because the license issued to operate the fishing apparatus, that is, the fishweir, had expired in 1941. The licenses which the plaintiff had for fishing and using craft at the time the damages were occasioned to him, did not invest the plaintiff with any property right which might be protected through an injunction, such as the one sought herein. If the license to establish a fishweir in a specific place, as is the Martín Peña Channel, had been in force on the dates alleged in the application for injunction, it would have been sufficient to justify the issuance of the writ. Therefore, since the existence of a right to seek the protection thereof through an injunction has not been shown, the judgment appealed from should be affirmed.